IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HART, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | No. 10-4594 |
| PROBATION & PAROLE, *et al.* | : | |

MEMORANDUM

Norma L. Shapiro, J.                                                                March 8, 2011

## I.    Introduction

Before the court is a habeas corpus petition filed under 28 U.S.C. § 2254 by *pro se* petitioner John A. Hart ("petitioner"). The Honorable Carol Sandra Moore Wells, United States Magistrate Judge ("Magistrate Judge"), filed a Report and Recommendation ("R&R") that the habeas petition be dismissed as second or successive. For the reasons that follow, the petition will be dismissed for lack of jurisdiction because petitioner is no longer in custody.

## II.    Background

On May 12, 2003, petitioner pled *nolo contendere* to several offenses in the Delaware County Court of Common Pleas. *See Commonwealth v. Hart*, No. 1426 EDA 2004, *1 (Pa. Super. Ct. May 16, 2005) ("*Hart I*"); *Commonwealth v. Hart*, No. 1496 EDA 2006, at *1 (Pa. Super. Ct. Mar. 21, 2007) ("*Hart II*"). In Delaware County Docket Number 4696-02, petitioner pled *nolo contendere* to stalking and terroristic threats stemming from a series of incidents involving his former girlfriend, Amanda Smothers ("Smothers"). *Hart II*, at *1. In Docket

1

Number 5645-02, petitioner pled *nolo contendere* to defiant trespass in relation to another incident involving Smothers. *Id*. In Docket Number 685-03, petitioner pled *nolo contendere* to two additional counts of stalking Smothers. *Id*. at 1-2. Docket Number 5713-02 was *nolle prossed* by the Commonwealth. *See Commonwealth v. Hart*, Nos. 4696-02, 5645-02, 5713-02, 685-03, at *4 (Del. Cty. Ct. of Common Pleas May 10, 2006) ("*Hart III*").

After accepting petitioner's plea, the trial court sentenced him to time served to twelve months' imprisonment for defiant trespass and concurrent terms of time served to twenty-three months' imprisonment and time served to twenty-four months' imprisonment less one day for stalking and terroristic threats. *Id*. at 2. The court also imposed twenty-four months' probation for stalking, consecutive to the terms of confinement. *Id*. Petitioner was immediately paroled and released from the correctional facility.

Three weeks later, petitioner was arrested on charges of harassing his new paramour, Courtney Davis ("Davis"), and incarcerated in Delaware County Prison. *Hart I*, at *1. On June 4, 2003, while in custody on these most recent charges, petitioner was served with two warrants for allegedly contacting Smothers by telephone on May 31, 2003, a violation of his earlier probation terms. *Id*. On June 10, 2003, Delaware County Adult Probation Officer Dawn Clark requested two detainers be lodged against petitioner based upon the criminal charges filed by Davis. *Id*. at 2. The District Attorney requested an additional detainer be lodged against petitioner for violating a condition of his probation. *Id*.

On June 26, 2003, the Magisterial District Court held a preliminary hearing on Davis' allegations, and held the charges over for trial. *Hart I*, at *2. On December 5, 2003, following a jury trial in the Delaware County Court of Common Pleas, petitioner was acquitted of all charges

2

involving Davis. *Id*.

On December 17, 2003, petitioner filed a habeas corpus petition in Pennsylvania state court seeking to have his detainers lifted. *Hart I*, at *2. At a hearing held on December 22, 2003, the Commonwealth gave petitioner notice of its intent to proceed with a *Gagnon II*[1] hearing based upon a technical violation of the terms of petitioner's probation for his alleged contacts with Smothers on May 31, 2003. The court dismissed the habeas petition and scheduled a *Gagnon II* hearing for February 9, 2004. *Hart I*, at *2-3.

At the February 9, 2004 hearing, the court determined petitioner violated his probation for Docket Numbers 4696-02 and 685-03. The court re-imposed his back time on those two cases and granted immediate parole. *Hart II*, at *2. As the one-year sentence imposed in Docket Number 5645-02 had previously expired, that conviction was not included in the revocation proceeding. *Id*. On March 10, 2004, petitioner filed a notice of appeal from the revocation sentence to the Superior Court. *Id*. While that appeal was pending, petitioner filed - on May 11, 2004 - a Post-Conviction Relief Act ("PCRA") petition; the PCRA court held the petition in abeyance until the parole revocation appeal was resolved. *Id*. On May 16, 2005, the Pennsylvania Superior Court affirmed the revocation sentence. *Id*. On August 22, 2005, the Pennsylvania Supreme Court denied a petition for *allocatur*. *Hart v. Cty. Of Delaware Office of Probation & Parole*, No. 07-4839, at *4. (E.D. Pa. Mar. 27, 2008) ("*Hart IV*").

On May 10, 2006, the PCRA court denied petitioner relief on Docket Numbers 4696-02,

---

[1]When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing that probable cause exists to believe that a violation has been committed. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). When a finding of probable cause is made, a second, more comprehensive *Gagnon II* hearing is required before a final revocation decision is reached. *Id*.

3

5645-02 and 5713-02, because he was no longer eligible for post-conviction relief pursuant to 42 Pa. Cons. Stat. Ann. § 9543(1)(i), which requires a petitioner to be currently serving a sentence. *See Hart III*, at \*4. The PCRA court concluded that petitioner's post-conviction claims regarding the remaining stalking convictions, listed at Docket Number 685-03, did not warrant relief. *Id* at 4-13. On June 2, 2006, petitioner filed a timely *pro se* appeal to the Pennsylvania Superior Court. *Hart II*, at \*2.

On March 21, 2007, the Superior Court, affirming the PCRA court's denial of relief, agreed that petitioner was ineligible for relief on Docket Numbers 4696-02 and 5645-02 because those sentences had previously expired. *Id*. at 4, 6. The court also found 42 Pa. Cons. Stat. Ann. § 9543(1)(I) precluded PCRA relief for the matter charged in Docket Number 685-03, because it expired on January 11, 2007,. *Id*. On October 16, 2007, the Pennsylvania Supreme Court denied a petition for *allocatur*. *See Hart IV*.

On November 16, 2007, petitioner filed a federal habeas corpus petition. Civil Action No. 07-4839. Petitioner challenged his state convictions in Docket Numbers 5645-02, 4696-02. 685-03 and 5712-02. *See Hart v. Cnty. of Delaware Office of Probation & Parole*, 2008 WL 1847698 (E.D. Pa. Apr. 24, 2008). He raised claims of ineffective assistance of counsel, unlawfully induced plea and denial of a speedy hearing. *Id*. at \*1. This court denied petitioner's habeas claim because he was not in custody pursuant to 28 U.S.C. § 2254(a) when his petition was filed. *Id*. at \*4.

By order dated June 23, 2008, this court vacated its April 24 order to allow petitioner time to file objections. *See Hart v. Cnty. of Delaware Office of Probation & Parole*, 2008 WL 4646144 (E.D. Pa. Oct. 17, 2008). This court found the Magistrate Judge failed to consider the

collateral consequences doctrine exception to Section 2254(a)'s custody requirement. *Id*. at *1. Because the exception was unavailable to petitioner, this court approved and adopted the Magistrate Judge's R&R, and again denied petitioner's habeas claim. *Id*. at *2.

Petitioner's motion for reconsideration was granted because the October 16 Memorandum and Order construed petitioner's habeas claim as challenging his parole revocation instead of his convictions. *See Hart v. Cnty. of Delaware Office of Probation & Parole*, 2008 WL 5101640 (E.D. Pa. Dec. 3, 2008). Petitioner's habeas petition was again denied because he was not in custody at the time it was filed and no exception to 28 U.S.C. § 2254(a) applied. *Id*. at *3. The Court of Appeals denied petitioner's request for a certificate of appealability.

On September 10, 2010, petitioner filed another federal habeas petition challenging his state convictions in Docket Numbers 5645-02, 4696-02, 685-03 and 5712-02. Petitioner again claims he received ineffective assistance of counsel and that his plea was unlawfully induced. The Magistrate Judge's R&R recommended dismissing this latest habeas petition as second or successive under 28 U.S.C. § 2244(b)(1). Petitioner filed timely objections to the R&R. Because he is no longer in custody, petitioner's habeas petition will be dismissed without an evidentiary hearing.

### III.    Discussion

A district court reviews *de novo* those portions of a magistrate judge's R&R to which objections are made. 28 U.S.C. § 636(b)(1)(c). Petitioner objects to the Magistrate Judge's finding that his habeas petition should be dismissed as second or successive under 28 U.S.C. §

5

2244(b)(1).[2]

Under 28 U.S.C. § 2244(b)(1), "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(1) mandates dismissal only of those claims "*adjudicated* in a previous petition." *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (emphasis added). A habeas petition is adjudicated on the merits when: 1) it is dismissed after consideration on the merits; 2) it is dismissed on the grounds of the statute of limitations; or 3) it is dismissed on the grounds of procedural default. *Watson v. Vincent*, 2008 WL 355614, at *1 (E.D. Pa. Feb. 6, 2008) (citations omitted). Under Fed. R. Civ. Pro. 41(b), "any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits." A dismissal for lack of jurisdiction is not an adjudication on the merits. *Lambert v. Blodgett*, 393 F.3d 943, 967 (9th Cir. 2004). A petition is considered a "prior application" for purposes of 28 U.S.C. § 2244(b) only if it was adjudicated on the merits. *Tyson v. Beard*, 345 Fed. App'x 744, 749 (3d Cir. 2009).

Petitioner's prior federal habeas petition was dismissed because he was "no longer in custody" at the time it was heard. *Hart*, 2008 WL 5101640, at *3 (E.D. Pa. Dec. 3, 2008). Because petitioner was no longer in custody, the court did not have jurisdiction to adjudicate his claims of ineffective assistance of counsel and unlawfully induced plea. *Id*. Not having been adjudicated on the merits, petitioner's habeas claims are not barred as successive by 28 U.S.C. §

---

[2]Petitioner's objections also state that the Magistrate Judge erred in concluding that he did not satisfy the custody requirement of the habeas statute and in concluding that the collateral consequences doctrine was inapplicable to his habeas petition. In a footnote, the R&R asserts that if § 2244(b) does not bar petitioner's habeas claim, he would still be unable to obtain habeas relief because he cannot satisfy § 2254(a)'s custody requirement. R&R, p. 6, n.7.

2244(b)(1). The question properly before the court is whether petitioner is in custody on his disputed convictions so that he may challenge them by a habeas petition.

A § 2254 petitioner must show he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In *Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 294, 394 (2001), the Supreme Court considered whether a habeas petitioner was in custody on prior state convictions used to enhance the sentence he was serving at the time of his petition. The *Coss* Court construed petitioner's habeas claim as "asserting a challenge to his [current sentence], as enhanced by the allegedly invalid prior . . . conviction," and determined petitioner's claim satisfied § 2254's "in custody" requirement as to his prior convictions. *Id*. at 401-02 (citation omitted). The Court created a "limited exception to the general rule barring review of an expired prior conviction," but limited the exception to instances when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Id.* at 406; *id.* at 404. The "special status of *Gideon* claims" makes them the sole means of challenging through a habeas petition an expired conviction subsequently used to enhance a current sentence. *Id.* at 404.

Here, petitioner alleges his current sentence was enhanced by the prior convictions he challenges as unconstitutional. Petitioner attacks the constitutionality of his prior convictions under the Sixth Amendment, but he cites *Strickland v. Washington*, 466 U.S. 668 (1984), not *Gideon*. Petitioner doesn't claim he was without counsel,[3] but that his counsel was constitutionally deficient. As *Coss* was decided after both *Strickland* and *Gideon*, the Supreme Court's decision to limit the exception to § 2254's custody requirement to Sixth Amendment

---

[3]Petitioner's habeas petition refers repeatedly to his trial counsel.

claims based on lack of counsel, not ineffective assistance of counsel, is clear. Because petitioner does not meet the requirements articulated by the *Coss* Court for the limited exception to § 2254's custody requirement, this court is without jurisdiction to consider his habeas claim challenging his prior convictions. Petitioner's habeas claim will be dismissed because he is no longer in custody on the convictions attacked in his petition. Reasonable jurists would not debate the appropriateness of the court's disposition of petitioner's habeas claim; therefore, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). An appropriate order follows.